ERIK J. OLSON (CA SBN 175815)
EJOlson@mofo.com
ERIC C. PAI (CA SBN 247604)
EPai@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: (650) 813.5600
Facsimile: (650) 494.0792

Attorneys for Plaintiff
SANDOZ INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDOZ INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>AMGEN INC. and AMGEN MANUFACTURING, LIMITED,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND INVALIDITY** |

Sandoz Inc. ("Sandoz") hereby alleges for its Complaint against defendants Amgen Inc. and Amgen Manufacturing, Limited (collectively, "Amgen"), as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of noninfringement and invalidity of U.S. Patent No. 9,643,997 ("the '997 patent") arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

2. This case is a continuation of an already resolved patent dispute venued in this Court involving the same products and the same purification procedures. The same parties litigated patent infringement claims in this District regarding the same patent family, the same products, and the same accused purification processes in Case Nos. 3:14-cv-04741-RS & 3:16-cv-02581-RS. While those cases were pending, Sandoz invited Amgen to include the '997 patent as a part of those cases and resolve all proceedings in the prior action. However, Amgen did not amend to add those claims in the then-pending litigation; indeed, it did not even respond to Sandoz's correspondence regarding the patent. Amgen's claims regarding the related patent with respect to the same products and the same purification procedures were resolved by an order granting judgment under Rule 56 on December 19, 2017. Sandoz believes that elements of that ruling resolve the present dispute as well.

3. An actual and justiciable controversy exists under 28 U.S.C. §§ 2201-2202 between Sandoz and Amgen as to whether Sandoz infringes any valid claim of the '997 patent.

## PARTIES

4. Sandoz is a corporation organized and existing under the laws of the state of Colorado, with its principal place of business at 100 College Road West, Princeton, New Jersey 08540.

5. On information and belief, Amgen Inc. is a corporation existing under the laws of the state of Delaware, with its principal place of business at One Amgen Center Drive, Thousand Oaks, California 91320.

6. On information and belief, Amgen Manufacturing, Limited ("AML") is a corporation existing under the laws of Bermuda, with its principal place of business in Juncos, Puerto Rico 00777.[1]

## JURISDICTION AND VENUE

7. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

9. Amgen has previously and voluntarily submitted to jurisdiction and venue in this District with respect to the present patent family and the present products by filing suit in Case Nos. 3:14-cv-04741-RS & 3:16-cv-02581-RS. Amgen has waived any objections to jurisdiction and venue.

10. This Court also has personal jurisdiction over Amgen Inc. because, among other things, Amgen Inc. has continuous and systematic contacts with the State of California, including maintaining its headquarters and multiple facilities in California, including a facility in this District at 1120 Veterans Boulevard, South San Francisco, CA 94080. Amgen Inc. purposefully availed itself of the privileges and protections of this District by engaging in business here, including activities related to patent enforcement. Amgen Inc. previously filed suit against Sandoz in the Northern District of California in Case No. 3:14-cv-04741-RS and again in Case No. 3:16-cv-02581-RS.

11. This Court has personal jurisdiction over AML because, among other things, AML is a wholly owned subsidiary of Amgen Inc. with continuous and systematic contacts with the State of California, including manufacturing pharmaceutical products, including filgrastim and pegfilgrastim, for sale in California. AML purposefully availed itself of the privileges and protections of this District by engaging in business here, including activities related to patent

---

[1] Although Sandoz does not believe that AML has standing to assert the '997 patent, Amgen nonetheless included AML as a plaintiff in the related prior litigation. This Complaint includes AML to avoid any claim by Amgen that Sandoz did not join all required parties.

enforcement. AML previously filed suit against Sandoz in the Northern District of California in Case No. 3:14-cv-04741-RS and again in Case No. 3:16-cv-02581-RS.

12. Venue in this District is proper under 28 U.S.C. §§ 1391(b) and 1391(c). Defendant Amgen Inc. is subject to personal jurisdiction in this District and resides in this District. Defendant AML may be sued in any district, pursuant to 28 U.S.C. § 1391(c)(3), as a non-resident. Venue is also proper because a substantial part of the events giving rise to the claims in this action occurred in this District.

13. This dispute should be resolved in this District, where venue is proper and where the parties have already litigated similar claims involving the same products, the same patent family, and the same purification processes.

## INTRADISTRICT ASSIGNMENT

14. Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an Intellectual Property Rights Action subject to assignment on a district-wide basis.

15. Pursuant to Civil L.R. 3-12, this case is related to Case Nos. 3:14-cv-04741-RS and 3:16-cv-02581-RS and should be assigned to the same District Judge as those cases.

## PATENT-IN-SUIT

16. The '997 patent, entitled "Capture purification processes for proteins expressed in a non-mammalian system," states on its face that it issued on May 9, 2017. A true and correct copy of the '997 patent is attached as Exhibit A.

17. The '997 patent arises from the same set of patent applications that were the source of United States Patent No. 8,940,878 ("the '878 patent"), which was the subject of Case Nos. 3:14-cv-04741-RS and 3:16-cv-02581-RS. The '997 patent stems from U.S. Patent Application No. 12/822,990, which was the application from which the '878 patent issued. Both patents have the same name, have identical abstracts, and share the same specification.

## FACTUAL BACKGROUND

18. Sandoz is a global leader in generic and biosimilar medicines, committed to playing a leading role in driving access to medicine worldwide. As set forth in its Mission and Purpose Statement, Sandoz discovers new ways to improve and extend people's lives. Sandoz

contributes to society's ability to support growing healthcare needs by pioneering novel approaches to help people around the world access high-quality medicine.[2]

19. This case concerns filgrastim and pegfilgrastim, biological products approved by the FDA to address certain side effects of cancer treatment. Amgen began selling filgrastim under the brand name Neupogen® in 1991. Amgen's "material U.S. patents for filgrastim (NEUPOGEN®) expired in December 2013."[3] Sandoz obtained approval for its biosimilar filgrastim product, Zarxio, in March 2015 and launched the product in September 2015.

20. A chemical compound known as polyethylene glycol ("PEG") can be attached to filgrastim to create pegfilgrastim. This modification causes the protein to remain in the circulatory system for a substantially longer time, and thus pegfilgrastim is often referred to as "long acting" filgrastim. Amgen began selling pegfilgrastim under the brand name Neulasta® in 2002. Amgen's "final material U.S. patent for Neulasta® expired in October 2015."[4] Sandoz's application to market a biosimilar pegfilgrastim product is currently pending before the FDA.

21. The parties have already litigated patent infringement claims regarding Sandoz's biosimilar filgrastim and pegfilgrastim products in this District. (*See Amgen Inc. v. Sandoz Inc.*, Case Nos. 3:14-cv-04741-RS and 3:16-cv-02581-RS.) Amgen accused a purification step in Sandoz's manufacturing process for filgrastim and pegfilgrastim of infringing U.S. Patent No. 8,940,878 ("the '878 patent"). On December 19, 2017, this Court granted summary judgment of noninfringement of the '878 patent. The Court entered final judgment in favor of Sandoz on January 8, 2018.

22. The '997 patent at issue here and the previously litigated '878 patent are in the same patent family and are similar or identical in several key respects. The alleged inventors are the same. The patent names are the same. The abstracts are the same. Aside from formatting

---

[2] *See* Sandoz, Our Mission and Purpose, (last visited February 21, 2019), https://www.sandoz.com/about-us/who-we-are/our-mission-and-purpose.

[3] Amgen Form 10-K for the fiscal year ended December 31, 2013, at 3.

[4] Amgen Form 10-K for the fiscal year ended December 31, 2018, at 47.

and related application data, the specifications of both patents are identical. The '997 patent issued from a division of the application that issued as the '878 patent.

23. The claims of both patents are also similar. Claim 9 of the '997 patent, one of just two independent claims in the '997 patent, states:

> 9. A method of purifying a protein expressed in a non-native limited solubility form in a non-mammalian expression system comprising:
>    (a) solubilizing the expressed protein in a solubilization solution comprising one or more of the following:
>       (i) a denaturant;
>       (ii) a reductant; and
>       (iii) a surfactant;
>    (b) forming a refold solution comprising the solubilization solution and a refold buffer, the refold buffer comprising one or more of the following:
>       (i) a denaturant;
>       (ii) an aggregation suppressor;
>       (iii) a protein stabilizer; and
>       (iv) a redox component;
>    (c) applying the refold solution to a separation matrix under conditions suitable for the protein to associate with the matrix;
>    (d) washing the separation matrix; and
>    (e) eluting the protein from the separation matrix.

By comparison, claim 7 of the '878 patent, the only independent claim that Amgen asserted in the prior litigation, states:

> 7. A method of purifying a protein expressed in a non-native limited solubility form in a non-mammalian expression system comprising:
>    (a) *expressing a protein in a non-native limited solubility form in a non-mammalian cell;*
>    (b) *lysing a non-mammalian cell;*
>    (c) solubilizing the expressed protein in a solubilization solution comprising one or more of the following:
>       (i) a denaturant;
>       (ii) a reductant; and
>       (iii) a surfactant;
>    (d) forming a refold solution comprising the solubilization solution and a refold buffer, the refold buffer comprising one or more of the following:
>       (i) a denaturant;
>       (ii) an aggregation suppressor;
>       (iii) a protein stabilizer; and
>       (iv) a redox component;
>    (e) *directly* applying the refold solution to a separation matrix under conditions suitable for the protein to associate with the matrix;
>    (f) washing the separation matrix; and
>    (g) eluting the protein from the separation matrix, *wherein the separation matrix is a non-affinity resin selected from the group consisting of ion exchange, mixed mode, and a hydrophobic interaction resin*.

24. The only differences between claim 9 of the '997 patent and claim 7 of the '878 patent are shown above in underlined red text. None of those differences are implicated by the grounds on which Sandoz sought summary judgment of noninfringement of the '878 patent in the prior litigation, which focused on the absence in the accused process of the claimed steps of "washing the separation matrix" and "eluting the protein from the separation matrix." Those same steps are required by the claims of the '997 patent, and therefore the same grounds for noninfringement apply with respect to the '997 patent.

25. The '997 patent issued on May 9, 2017, while the litigation over the '878 patent was still pending before this Court. On June 7, 2017, Amgen's counsel sent a letter to Sandoz's counsel stating Amgen's belief that it could reasonably assert a claim for infringement of the '997 patent with respect to Sandoz's making, using, offering to sell, selling, or importing into the United States Sandoz's filgrastim and pegfilgrastim products.

26. In response on July 7, 2017, Sandoz identified the overlap between the pending litigation on the '878 patent and any potential issues with respect to the '997 patent. To provide for a prompt and efficient resolution of these issues, Sandoz invited Amgen to bring its purported claims regarding the '997 patent immediately and resolve them as part of the existing litigation.

27. Despite Sandoz's invitation, Amgen did not amend its claim in the then-pending litigation to assert the '997 patent and did not otherwise pursue the assertions made in its June 7, 2017 letter in any way.

28. More than 20 months have passed since Amgen first asserted its potential claims with respect to the '997 patent, and Amgen still has not filed suit on those claims. Sandoz has been marketing and selling its biosimilar filgrastim product, Zarxio, throughout this time. And as Sandoz notified Amgen on February 21, 2019 pursuant to 42 U.S.C. § 262(*l*)(8)(A), Sandoz intends to begin commercially marketing its biosimilar pegfilgrastim product at the earliest possible opportunity on or after 180 days from the date of its notice.

29. Amgen's delay alone undercuts any claim that Amgen is entitled to any injunctive relief based on the '997 patent. Nonetheless, Amgen has not disavowed the intention to seek a preliminary injunction pursuant to 42 U.S.C. § 262(*l*)(8)(B). With the filing of this Complaint,

1  Sandoz seeks to ensure that any issues with respect to the '997 patent, including any preliminary
2  injunction motion, are resolved promptly, efficiently, and well in advance of the launch of
3  Sandoz's pegfilgrastim product.

### COUNT I
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 9,643,997)

30. Sandoz incorporates by reference each allegation set forth in paragraphs 1 through 29 above as if fully set forth herein.

31. Amgen has asserted that Amgen Inc. is the owner of the '997 patent.

32. Amgen has asserted that the making, use, offer for sale, sale, or importation into the United States of Sandoz's biosimilar filgrastim and pegfilgrastim products infringes or will infringe the '997 patent.

33. Sandoz asserts that the making, use, offer for sale, sale, or importation into the United States of Sandoz's biosimilar filgrastim and pegfilgrastim products does not and will not infringe any valid claim of the '997 patent, whether directly or indirectly, either literally or under the doctrine of equivalents.

34. As a result of Amgen's allegations against Sandoz, an actual and justiciable case or controversy exists between Sandoz and Amgen as to the infringement of the claims of the '997 patent.

35. Sandoz is entitled to a declaration that the making, use, offer for sale, sale, or importation into the United States of Sandoz's biosimilar filgrastim and pegfilgrastim products does not and will not infringe any valid claim of the '997 patent. Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

### COUNT II
### (Declaratory Judgment of Invalidity of U.S. Patent No. 9,643,997)

36. Sandoz incorporates by reference each allegation set forth in paragraphs 1 through 35 above as if fully set forth herein.

37. Amgen has asserted that Amgen Inc. is the owner of the '997 patent.

38. Amgen has asserted that the making, use, offer for sale, sale, or importation into the United States of Sandoz's biosimilar filgrastim and pegfilgrastim products infringes or will infringe the '997 patent.

39. Sandoz asserts that the claims of the '997 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially created bases for invalidity.

40. As a result of Amgen's allegations against Sandoz, an actual and justiciable case or controversy exists between Sandoz and Amgen as to the validity of the claims of the '997 patent.

41. Sandoz is entitled to a declaration that the claims of the '997 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially created bases for invalidity. Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

**PRAYER FOR RELIEF**

WHEREFORE, Sandoz requests that the Court enter judgment in its favor and against Amgen as follows:

(a) Declaring that Sandoz has not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '997 patent;

(b) Declaring that the '997 patent is invalid;

(c) Denying any request by Amgen for injunctive relief;

(d) Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Sandoz its costs and reasonable attorneys' fees;

(e) Awarding Sandoz any other relief as is just and proper.

Dated: February 21, 2019          MORRISON & FOERSTER LLP

                                  By:   */s/ Erik J. Olson*
                                        ERIK J. OLSON

                                        Attorneys for Plaintiff
                                        SANDOZ INC.

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND INVALIDITY
Case No.
pa-1878559

8